IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 11 |
| CIVIC PARTNERS SIOUX | ) | |
| CITY, LLC, | ) | |
| Debtor. | ) | Bankruptcy No. 11-00829 |
| ------------------------------------------- | | |
| FIRST NATIONAL BANK, | ) | |
| | ) | Adversary No. 11-9046 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CIVIC PARTNERS SIOUX | ) | |
| CITY, LLC, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| ------------------------------------------ | | |
| CIVIC PARTNERS SIOUX | ) | |
| CITY, LLC, | ) | |
| | ) | |
| Counter-Claimant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FIRST NATIONAL BANK, | ) | |
| | ) | |
| Counter-Defendant. | ) | |

**ORDER RE: MOTION TO COMPEL ANSWERS TO
INTERROGATORIES AND RESPONSES TO REQUEST FOR
PRODUCTION OF DOCUMENTS**

These matters came before the Court in a telephonic hearing on

Plaintiff/Counterclaim Defendant First National Bank's Motion to Compel

Debtor's Answers to Interrogatories and Responses to Request for Production of

Documents. First National Bank was represented by Jerry Spaeth. Debtor Civic Partners Sioux City, LLC, the defendant and counterclaimant in this adversary, was represented by Malcolm Misuraca. After hearing counsels' arguments, the Court took the matter under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2)(O).

## STATEMENT OF THE CASE

Before Debtor filed bankruptcy, First National Bank ("the Bank") brought a foreclosure action against Debtor in the Iowa District Court for Woodbury County. Debtor asserted a counterclaim, alleging the Bank tortiously interfered with Debtor's right to collect rent from Main Street Theatres, a current occupant of Debtor's property.

On January 31[1], the Bank served Debtor with interrogatories and requests for production of documents concerning Debtor's counterclaim. On March 17 — more than 30 days after the discovery was served — Debtor filed responses and answers. The responses contained several objections.

On March 31, counsel for the Bank sent Debtor's counsel a letter regarding Debtor's discovery responses. The letter stated it was the Bank's "good faith effort to avoid court intervention in a discovery dispute." The letter asserted Debtor's objections were untimely and without merit. The Bank demanded more complete

---

[1] All events occurred in 2011.

answers to several questions and production of additional documents. The letter requested a response within two weeks. The Bank did not receive a response.

On April 14, Debtor filed this Chapter 11 bankruptcy. On May 3, counsel for the Bank sent another letter to Debtor's counsel. The Bank stated that the second letter was a "final good faith effort to avoid court intervention" and threatened to file a motion to compel discovery if Debtor did not respond by May 6, 2011. Debtor did not respond by May 6.

On May 11, Debtor's then-counsel left a telephone message with the Bank's counsel indicating Debtor was obtaining new counsel. On May 16, the Bank's counsel sent another letter to Debtor's counsel with an attached copy of the Bank's Motion to Compel and Request for Sanctions. The Bank indicated that, should Debtor's new counsel be amenable, the Bank was willing to resolve the issue without court intervention. The Bank requested that Debtor's initial counsel forward the letter to the new counsel.

On May 31, Debtor's new counsel sent a letter to the Bank seeking information regarding the outstanding discovery. The same day, the Bank sent Debtor's new counsel the discovery responses and the correspondence between the Bank and Debtor's prior counsel. All correspondence from that point forward was between the current counsel for Debtor and the Bank.

On July 13, the Bank again requested the outstanding discovery. Debtor's counsel responded later that day, by e-mail, noting that he was "working with the Civic folks to get [the Bank] the documents, though I have been so busy that I have not performed as well on this point as I had hoped." He requested a new list of what the Bank needed, "free of the issues and language of the original dispute." The Bank responded the same day, stating the information was sent on May 31 and July 11. The Bank attached the discovery answers and prior correspondence to this e-mail. Later that day, Debtor responded and noted "neither side has a clean, unambiguous statement . . . that tells us what precisely we should produce" and that if the Bank would send "a list of documents in specific form," Debtor would satisfy the request "in every reasonable way [Debtor] can." The Bank then reiterated the earlier requests it made and Debtor responded "all that seems reasonable" and expressed an intention to "work on it."

Debtor wrote the Bank two letters dated July 13. In these letters, Debtor attempted to respond to the Bank's outstanding requests. The Bank was unsatisfied with Debtor's answers and told Debtor that further attempts to work this out without court intervention would be an "utter waste of time."

The Bank filed the Motion to Compel on August 5. Debtor resisted, arguing that Debtor prematurely brought the matter to the Court's attention. The Bank

4

requested a hearing, which was held on November 4. The Bank additionally requests attorney fees and legal expenses incurred in filing the motion.

## CONCLUSIONS OF LAW

Courts have "broad discretion" in deciding discovery motions. United States v. Washington, 318 F.3d 845, 857 (8th Cir. 2003) (citing United States v. Scott, 26 F.3d 1458, 1463 (8th Cir. 1994)). This Court will exercise that discretion in resolving the issues the parties have raised.

a. **Propriety of the Bank's Motion**

Debtor questions the propriety and necessity of the Bank's motion. "Rule 26 Fed. R. Civ. P. applies in adversary proceedings." Fed. R. Bankr. P. 7026. Rule 26 states the basic concepts and parameters of discovery. It states: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). "Relevant information," however, "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

"Rule 37 Fed. R. Civ. P. applies in adversary proceedings." Fed. R. Bankr. P. 7037. Rule 37 governs motions to compel discovery. It states: "a party may move for an order compelling disclosure or discovery. The motion must include a

5

certification that the movant has in good faith conferred or attempted to confer with the person . . . failing to make . . . discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).  A motion to compel is proper when "a party fails to answer an interrogatory submitted . . . or a party fails to respond that inspection will be permitted – or fails to permit inspection." Fed. R. Civ. P. 37(a)(3)(iii), (iv).  "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

The Bank contends that Debtor refused to provide complete answers to interrogatories and disclose documents "relevant to" Debtor's counter-claim.  The Bank communicated at length with both Debtor's initial counsel and current counsel regarding these discovery issues.  The communications satisfied the requirement of a "good faith effort" to obtain the discovery without Court intervention.  The Court finds the Bank's motion was not inappropriate or unnecessary.  It now turns to the merits of the Motion.

### b. Timeliness of Objections

After a party serves interrogatories or document demands, "[t]he responding party must serve its answers and any objections within 30 days after being served." Fed. R. Civ. P. 33(b)(2).  See Fed. R. Bankr. P. 7033 (making Federal Rule of Civil Procedure 33 applicable in adversary proceedings).  "A failure to file a timely

6

objection to interrogatories constitutes a waiver of any objection unless good cause is shown." Byrd v. Reno, No. Civ. A. 96-2375, 1998 WL 429676, at *4 (D.D.C. Feb. 12, 1998); Jayne H. Lee, Inc. v. Flagstaff Indus. Corp., 173 F.R.D. 651, 653 (D. Md. 1997) ("Fed. R. Civ. P. 33(b)(4) provides that any ground for objecting to an interrogatory . . . is waived if not timely stated (i.e. within 30 days of service), unless the failure to object is excused by the court for good cause shown.").

"Federal Rule of Civil Procedure 34, pertaining to requests for production of documents, does not contain a similar automatic-waiver provision as a consequence of failing to file a timely objection, but there is no reason to give it a dissimilar interpretation." Byrd, 1998 WL 429676, at *4 (citing Kansas-Nebrasa Natural Gas Co., Inc. v. Marathon Oil Co., 109 F.R.D. 12 (D. Neb. 1983); Milano v. Raymark Indus., Inc., Civ. A. No. 85-7124, 1986 WL 13298 (E.D. Pa. Nov. 19, 1986)). See Fed. R. Bankr. P. 7034 (making Federal Rule of Civil Procedure 34 applicable in adversary proceedings).

The failure to present objections within thirty days is consistently viewed by the courts as a waiver. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes waiver of any objection."); United States v. One Million Three Hundred Twenty-Two Thousand Two Hundred Forty-Two Dollars and Fifty-Eight Cents, 938 F.2d 433, 439 (3d Cir. 1991) ("If

Whittington wished to assert his Fifth Amendment privilege in response to any of the interrogatories or requests for production of documents served by the government, he was required to assert timely objections in response to individual discovery requests."); Brown v. Deffenbaugh Indus., Inc., No. 8:09 cv 292, 2010 WL 1254874, at *2 (D. Neb. Mar. 24, 2010) ("The plaintiff was required to respond to the interrogatories and document request within thirty days, but failed to do so. Based on the foregoing . . . the court finds the motion to compel should be granted."); IMA N. Am., Inc. v. Marlyn Nutraceuticals, Inc., No. CV-06-0344, 2007 WL 2391099, at *4 (D. Ariz. Aug. 20, 2007) ("Having failed to timely object or seek a protective order pursuant to Rule 26(c) to the number of interrogatories submitted by IMA, MNI may not now seek to justify its incomplete and untimely answers to interrogatories."); Alexander v. Certegy Check Serv., Inc., No. CIVA 2:05cv449, 2006 WL 1515841, at *2 (M.D. Ala. May 30, 2006) ("The chronology of discovery requests and responses clearly established that the defendant's objections to the interrogatories and request for production were waived.").

    Debtor objected to Document Requests 1, 2, 3, 4, 10, 11, 12, and 25 on the grounds of relevance, over breadth, and vagueness. The documents were requested on January 31. Debtor's responses were not provided to the Bank until March 17. Debtor took more than 30 days to respond, and therefore, the objections were

untimely. Debtor has failed to show good cause for the untimely response. The Court thus finds Debtor waived these objections.

Despite the objections, Debtor asserts that it has produced all the requested documents. The Bank disagrees. The Court is in no position to decide that issue on this record. The Court simply orders that if there are more documents responsive to the discovery requests, Debtor must produce the documents to the Bank. If the Bank is not satisfied with the production, it can bring the matter to the Court's attention in a Motion for Sanctions.

The Court will also overrule Debtor's similar objections to Interrogatories 16(g), 17(g), 18(g), and 19. Each objection was untimely and for the above-stated reasons was waived. Debtor must provide a full response to these interrogatories consistent with this ruling.

### c. Privilege

While all of Debtor's objections were untimely, the waiver rules can apply differently to objections based on privilege. Debtor objected to Document Requests 13 and 22 on the basis of attorney-client privilege. Document Request 13 asks for "[a]ll bills, invoices, or statements relating to expenses which you claim have been incurred as a result of the interference of the Bank described in the counterclaim." Document Request 22 asks for "[a]ll Documents which support your claim for attorney's fees and legal expenses including any time sheets, billing

9

statements, or invoices you have received from your attorneys and any Documents showing payment of those fees and expenses."

Courts have been hesitant to find objections based on attorney-client privilege are waived by untimely reply. "[W]aiver of the attorney-client privilege is a harsh sanction reserved generally for unjustified, inexcusable, or bad faith conduct, and a waiver may be unnecessary where other remedies are available." USF Ins. Co. v. Smith's Food & Drug Center, Inc., No. 2:10-cv-001513, 2011 WL 2457655, at *3 (D. Nev. June 16, 2011) (citing Moe v. Sys. Transp., Inc., 270 F.R.D. 613, 623 (D. Mont. 2010)).

There is no evidence Debtor acted in bad faith or engaged in any unjustified or inexcusable manner. The objections were only a few days beyond the required time. Therefore, the Court will not find the privilege objections to be waived. It will instead consider the merits of the objection.

To properly raise an attorney-client privilege objection, a party normally should follow a specific procedure:

> When a party withholds information otherwise discoverable by claiming the information is privileged . . . the party must expressly make the claim; and describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5).  Debtor did not do so here.  Debtor did not describe the nature of the unproduced documents.  Instead, Debtor simply stated "objection, attorney client privileged."  That is not adequate under Rule 26(b)(5).

Moreover, "[a]bsent special circumstances, . . . fee arrangements are not confidential professional communications protected by the attorney client privilege."  <u>Murray v. Stuckey's Inc.</u>, 153 F.R.D. 151, 153 (N.D. Iowa 1993) (quoting <u>In re Grand Jury Proceedings Subpeona To Testify To Wine</u>, 841 F.2d 230, 233 n.3 (8th Cir. 1988)).  The Court agrees that the "special circumstance" exception includes – and, perhaps, is even limited to – circumstances where revealing the fee arrangement would itself reveal a confidential attorney-client communication.  <u>In re Grand Jury Subpoena For Attorney Representing Criminal Defendant, etc.</u>, 926 F.2d 1423, 1431 (5th Cir. 1991).

Debtor has not described any special circumstances which would justify protecting the requested documents from disclosure.  Debtor must therefore turn over the documents identified in Document Requests 13 and 22.  If Debtor believes any of the documents reveal a confidential attorney-client communication, Debtor must specifically identify those documents and submit them to the Court for an in camera review.

   **d.  Responsiveness of Answers to Interrogaties 16(h), 17(h) and 18(h)**

The Bank claims that Debtor's Answers to Interrogatory 16(h), 17(h), and 18(h) were non-responsive. Interrogatory 16(h) states:

> With respect to the alleged interference with your business relationships or expectancies with respect to Main Street Theaters . . . [i]dentify the representative who interfered with same and with respect to each representative, [i]dentify . . . [a]ll facts, Documents, and Communications which support the claim that the representative engaged in such interference with the predominant purposes of financially harming or destroying Civic's business.

Interrogatory 17(h) asks for identification of the same categories of information related to the alleged interference with Debtor's relationship with Main Street-Sioux City, Inc. Interrogatory 18(h) asks for information related to the alleged interference with Debtor's relationship with William J. Barstow.

Debtor replied to each of those interrogatories by referring to its answers to interrogatories 4(c) and 13. In answering Interrogatory 4(c), Debtor identifies all the individuals having knowledge of any fact relevant to the counterclaim, and claims that "[e]ach individual . . . has had some involvement in the creation and administration of the loan, and/or the issues arising in connection with the loan, bank, borrower or tenants and their respective relationships and issues relative to the project." In answering Interrogatory 13, Debtor describes the relationship with which the Bank allegedly interfered and the nature of the interference.

The Bank fails to explain why the answers are non-responsive. Debtor describes the alleged interference in answering Interrogatory 13. In answering

12

Interrogatory 4(c) Debtor identifies the individuals who have information about the alleged interference. In an e-mail to Debtor, the Bank puts the words "predominant purpose" from Interrogatories 16(h), 17(h), and 18(h) in quotations. The Court assumes this was to indicate that Debtor did not submit information proving that the predominant purpose of the acts taken by the Bank, and identified by Debtor, was to wrongfully interfere with Debtor's contractual relationships. The Bank's claim that the answer given by Debtor is "non-responsive," without more, is too ambiguous to justify compelling Debtor to provide more information. The Court will deny the Bank's request for further response to Interrogatories 16(h), 17(h), and 18(h).

### e. Costs

The Bank requests all attorney's fees and legal expenses incurred in connection with the efforts to secure discovery. Debtor also requests attorney's fees because the Bank failed to "act civilly" during the attempts to resolve the dispute outside of court. The Court exercises its discretion and denies the claim for costs and fees of both parties at this time. Should a motion for sanctions be filed for failing to comply with this ruling, the issue of costs and fees will be addressed at that time.

**WHEREFORE**, the Bank's Motion to Compel is GRANTED IN PART, and DENIED IN PART.

**FURTHER**, any remaining Interrogatory Answers or outstanding Documents shall be delivered to the Bank within 21 days of the date of this Order.

Dated and Entered: December 2, 2011

_____
THAD J. COLLINS
Chief Bankruptcy Judge